# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50159
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS RUBEN ZUNIGA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-2296-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Carlos Ruben Zuniga was convicted by a jury of attempted illegal reentry and sentenced to 60 months of imprisonment and three years of supervised release. He argues that the Government did not produce evidence sufficient to establish he attempted to enter the United States. Zuniga also asserts that the district court reversibly erred when it denied his motion for judgment of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acquittal because the Government's failure to preserve evidence violated his rights under the Due Process Clause.

"It is not enough to merely mention or allude to a legal theory." *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010). A party asserting an argument on appeal must brief it adequately or the argument is waived. *Id.* Zuniga provides no specific argument or analysis on the due process issue; accordingly, it is waived. *See id.*

We review "properly preserved claims that a defendant was convicted on insufficient evidence with substantial deference to the jury verdict, asking only whether a rational jury could have found each essential element of the offense beyond a reasonable doubt." *United States v. Davis*, 690 F.3d 330, 336 (5th Cir. 2012) (quotation marks omitted). Viewing the evidence in the light most favorable to the jury verdict, *see United States v. Jara-Favela*, 686 F.3d 289, 301 (5th Cir. 2012), we determine that the evidence was sufficient to support Zuniga's conviction. Trial testimony established that Zuniga approached the primary inspection area, not the information center, at the Paso del Norte Port of Entry. Zuniga stated that he was a United States citizen, that he did not have any proof of citizenship because he had recently been robbed, that he had been deported previously, and that he had received a waiver. Zuniga's statements and actions supported the conclusion that he intended to cross the border. The fact that "an opposite inference could arise from the evidence is not enough." *Id.* at 303; *see also United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1131–34 (5th Cir. 1993).

With respect to Zuniga's contention that the Government could not convict him without the evidence the Government failed to preserve, Zuniga has not shown that this evidence was relevant to the case. Although Zuniga told border officials that he was only seeking information about fixing his

immigration status, we have held that a defendant's argument that "he was merely inquiring into how he could regain his citizenship and that he was not attempting to enter the United States did not create a reasonable doubt as to his intent." *Cardenas-Alvarez*, 987 F.2d at 1132. Further, it is irrelevant whether Zuniga believed he had a waiver. *See United States v. Morales-Palacios*, 369 F.3d 442, 449 (5th Cir. 2004) (stating that because the defendant clearly intended to attempt to illegally reenter the United States, it did not matter that the defendant's "mental state may have reasonably led him to believe he did so with the government's consent").

AFFIRMED.